UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK T. CARLMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 3:15-cv-05348 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 13, 14, 18).

After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence. The Court agrees with plaintiff that the lack of a definition for the word "seldom" on the form utilized by the physician "does not

ORDER ON PLAINTIFF'S COMPLAINT - 1

justify the ALJ's misinterpretation of 'seldom' to mean 'occasional;' this is not a reasonable translation of 'seldom'" (Dkt. 18, p. 2 (*citing* AR. 21)). In addition, the ALJ's finding that Dr. Finkleman did not specify the frequency with which plaintiff needed to change positions is not supported by substantial evidence in the record since Dr. Finkleman opined that plaintiff needed to alternate positions frequently due to chronic back pain with sciatica (*see id.* at 3 (*citing* AR. 26, 701)). Finally, plaintiff's landscaping activities, including the ability to work nine full days over a six-month period, is not inconsistent with Dr. Finkleman's opinion that prior to September 30, 2009, plaintiff occasionally would have to lie down or sit in a recliner for a substantial period of time during the day; therefore, this reasoning by the ALJ also is not supported by substantial evidence in the record as a whole.

Therefore, for these reasons and other reasons stated herein, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, PATRICK T. CARLMAN, was born in 1955 and was 53 years old on the amended alleged date of disability onset of March 29, 2009 (*see* AR. 41, 159-61). Plaintiff graduated from high school and took some evening college classes, but did not get a degree (AR. 45). Plaintiff has work experience as a forestry tech, millworker and landscaper (AR. 197-99, 208). Plaintiff was last self-employed doing landscape work and landscape maintenance (AR. 48-49).

According to the ALJ, plaintiff has at least the severe impairments of "obesity, hearing impairment and degenerative disc disease (20 CFR 404.1520(c))" (AR. 20).

At the time of the hearing, plaintiff was living in his home with his girlfriend/roommate (AR. 46).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 68-76, 78-86). Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on April 25, 2013 (*see* AR. 36-66). On August 30, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 15-35).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly evaluated the lay evidence; (4) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (5) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations (*see* Dkt. 13, p. 2).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ properly evaluated the medical evidence.**

Plaintiff contends that the ALJ erred when failing to credit fully the opinions of treating physician, Dr. Lowell Finkleman, M.D. Defendant contends that there was at most harmless error.

When an opinion from a treating doctor is contradicted by other medical opinions, the treating doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). "A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

Dr. Finkleman has been treating plaintiff since at least 2004 (Dkt. 13, p. 3). Over the years, the medical record demonstrates that Dr. Finkleman has observed numerous findings when examining plaintiff, such as lower back tenderness, guarded gate, reduced range of motion and limited single leg raises (AR. 649-50, 652-54, 659, 661-63, 665). On August 31, 2011, Dr. Finkleman opined that prior to September 30, 2009, plaintiff was

limited to sitting six hours, standing for four hours, and walking up to two hours in an eight hour workday (AR. 701). He also opined that plaintiff had to alternate positions frequently due to chronic back pain with sciatica; could bend, balance, crouch, and kneel only occasionally, and could seldom stoop, crawl, or climb; and occasionally would need to lie down or rest in a recliner for a substantial period of time during the day (AR. 701-03).

First, the ALJ found that Dr. Finkleman did not specify the frequency with which plaintiff needed to change positions (AR. 26). However, this finding is not supported by substantial evidence in the record since Dr. Finkleman opined that plaintiff needed to alternate positions frequently due to chronic back pain with sciatica (*see id.*; *see also* AR. 701)). Therefore, the ALJ's rejection of this opinion is not based on a specific and legitimate reason supported by substantial evidence the record as a whole.

Next, the ALJ indicates in his written opinion that he is giving "great weight" to Dr. Finkleman's opinion regarding plaintiff's ability to lift, sit, stand, walk, stoop, kneel, and crouch because this portion of the opinion is consistent with some examination findings and because "as a treating physician Dr. Finkleman is in the best position to assess the claimant's limitations" (AR. 26). However, despite indicating that he was giving "great weight" to Dr. Finkleman's opinion regarding plaintiff's ability to stand and walk, the ALJ found that plaintiff could "stand or walk for six hours in an eight-hour workday" (AR. 21) while Dr. Finkleman opined that plaintiff could stand only for four hours, and walk for up to two hours in an eight-hour workday (AR. 701). The ALJ gave no explanation for the discrepancy.

The ALJ gave "less weight" to Dr. Finkleman's opinion that plaintiff "could seldom crawl, stoop, or climb because he used a term that was undefined" and instead the ALJ found that plaintiff could crawl, stoop, and climb occasionally (*id.*). Plaintiff contends that the ALJ erred when giving less weight to this opinion because "this form defines 'occasionally' as from 1% to 33% of an 8-hour workday, and it appears that Dr. Finkleman was attempting to describe less often than 33% of the time [occasionally] but more often than never" when he used the term "seldom" (Dkt. 13, p. 5 (*citing* AR. 702)).

The Court agrees with plaintiff that the lack of a definition for the word "seldom" on the form utilized by Dr. Finkleman "does not justify the ALJ's misinterpretation of 'seldom' to mean 'occasional;' this is not a reasonable translation of 'seldom,'" in the context of the form utilized by Dr. Finkleman (Dkt. 18, p. 2 (*citing* AR. 21)). Defendant's argument that the ALJ "reasonably translated the restrictions [opined by Dr. Finkleman] to the residual functional capacity" in which the ALJ found that plaintiff could occasionally stoop and crawl is not persuasive (Dkt. 14, p. 4 (*citing* AR. 26, 702)). Dr. Finkleman utilized a form that included a definition for occasionally as 1 to 33% and he opined that plaintiff could perform some activities occasionally (AR. 702). However, Dr. Finkleman's specification that plaintiff could stoop, crawl and climb only on a seldom basis is a clear indication that he opined that plaintiff could do these activities less than occasionally (*see id.*). The ALJ's finding to the contrary is not consistent with the opinion of Dr. Finkleman and the ALJ's rationale for this contrary finding is not based on specific and legitimate reasons. Furthermore, if the ALJ found this particular opinion of Dr. Finkleman to be ambiguous, he had a duty to develop the record and follow up with Dr.

ORDER ON PLAINTIFF'S COMPLAINT - 6

Finkleman for further explanation. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Although defendant contends that this error is harmless, this is not the only error committed by the ALJ.

The ALJ also gave "little weight to Dr. Finkleman's statement that the claimant needs to lie down or sit in a recliner for a substantial period of time during the day because it is inconsistent with the claimant's activities" (AR. 26). In support of this finding, the ALJ noted that plaintiff "performs some landscaping activities such as mowing the lawn, weeding, and planting flowers" (*id.* (*citing* AR. 290-503)). In support of the ALJ's written decision, defendant has cited work slips for the period at issue which demonstrate that plaintiff was engaged in landscaping activities (Dkt. 14, pp. 5-6 (*citing* AR. 239, 293, 297, 302, 303, 304, 309, 310, 315, 331, 333, 335, 342, 343, 346-47, 349-52, 398, 432, 434, 442, 447-48, 454, 460-61, 466, 468, 473, 477, 480-81, 487, 489, 494-95, 498, 499).

First, the Court notes that the ability to mow the lawn, perform weeding, or plant flowers for part of the day is not inconsistent with the need to lie down or sit in a recliner for a substantial part of the day. Therefore, the Court finds persuasive plaintiff's argument that "[a]lmost all of the work slips cited by the Commissioner actually confirm that [plaintiff] was usually working only part-time, which is consistent with his testimony and with Dr. Finkleman's opinion" (Dkt 18, p. 3). As found by the ALJ, plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of March 29, 2009 through his date last insured of September 30, 2009" (AR. 20).

1    In addition, Dr. Finkleman opined that plaintiff occasionally needed to lie down or
2  sit in a recliner for a substantial period of time during the day, not that he had to do this
3  every day (AR. 703). As noted by plaintiff, the work slips cited by defendant demonstrate
4  only nine occasions over a six-month period on which plaintiff was able to work for eight
5  or more hours (Dkt 18, p. 3). The ability to work a full day on nine occasions over a six-
6  month period is not inconsistent with the opinion by Dr. Finkleman that plaintiff
7  occasionally needed to lie down or sit in a recliner for a substantial period of time during
8  the day (AR. 703). The Court notes that there also were six days over this six month
9  period where plaintiff almost worked a full day, *i.e.*, more than seven, but less than eight
10 hours; however, this does not change the analysis, as the ability to work fifteen days over
11 a six-month period still is not inconsistent with this opinion by Dr. Finkelman. Therefore,
12 the ALJ has not provided a specific and legitimate reason supported by substantial
13 evidence in the record as a whole for rejecting this opinion by treating physician Dr.
14 Finkleman.
15
16   The Court also concludes that this error is not harmless.
17   The Ninth Circuit has "recognized that harmless error principles apply in the
18 Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)
19 (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th
20 Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in
21 *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the
22 ultimate nondisability determination' and that 'a reviewing court cannot consider [an]
23 error harmless unless it can confidently conclude that no reasonable ALJ, when fully

crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56).

Here, the ALJ did not credit plaintiff's occasional need to lie down or sit in a recliner for a substantial period of the day when formulating plaintiff's RFC (AR. 21). Had he done so, this information would have been presented to the vocational expert, who may have opined that there were no jobs existing in the national economy that plaintiff could perform with this limitation. Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *See Marsh*, *supra,* 792 F.3d at 1173 (*citing Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless. *See id.*

> (2)  **Whether or not the ALJ properly evaluated plaintiff's testimony and whether or not the ALJ properly evaluated the lay evidence.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter. Similarly, the lay evidence should be evaluated anew following remand of this matter.

//

//

(3) **Whether or not the ALJ properly assessed plaintiff's residual functional capacity ("RFC") and if the ALJ erred by basing his step five finding on a RFC assessment that did not include all of plaintiff's limitations.**

Because the Court has concluded that the ALJ formulated his residual functional capacity ("RFC") determination without properly evaluating the medical evidence, the RFC must be determined anew following remand of this matter. The ALJ indicated that he was crediting opinions that the ALJ nonetheless did not include into the RFC; and the ALJ failed to provide specific and legitimate rationale supported by substantial evidence in the record as a whole for his failure to include other opinions into the RFC. Therefore, the RFC must be determined anew, and as a necessity, the step five finding must be evaluated anew following remand of this matter.

(4) **Whether this matter should be reversed and remanded for further administrative proceedings or with a direction to award of benefits.**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen*, *supra,* 80 F.3d at 1292).

According to the Ninth Circuit in a recent application of this doctrine:

> The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record

     as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and "all essential factual issues have been resolved." (Internal citation to *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)). . . . . Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits. (Internal citation to *id.*).

*Dominguez v. Colvin*, Case No. 13-7380, 2015 WL 86000040 (9th Cir. December 14, 2015).

     Although the Court already has concluded that the ALJ erred when reviewing the medical evidence, *see supra*, section 1, the record as a whole is not free from conflicts, such as between the different medical opinions. *Id.* (*citing Treichler*, *supra,* 775 F.3d at 1101). However, the Court notes that in general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). The Court also notes that, as referenced previously, a "treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund*, *supra,* 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen*, *supra,* 80 F.3d at 1285.

     The Court further notes that when making the finding regarding an inconsistency between Dr. Finkelman's opinion and plaintiff's activities, the ALJ provided a citation to over 200 pages of the record (AR. 26 (*citing* AR. 290-503)). It is not very clear on what the ALJ intended to rely when making this finding. Therefore, the Court concludes that

this matter should be reversed and remanded for further administrative proceedings as they may serve a useful purpose. The Court notes that the ALJ is responsible for resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

## CONCLUSION

As described herein, the ALJ made a number of errors when evaluating the opinion of plaintiff's treating physician.

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** is for plaintiff and the case should be closed.

Dated this 21st day of January, 2016.

J. Richard Creatura
United States Magistrate Judge