UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK T. CARLMAN,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 15-cv-05281 JRC

ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 25; 28).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of twenty-five percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1);

| | |
|---|---|
| 1 | *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court |
| 2 | will look first to such agreement and will conduct an independent review to assure the |
| 3 | reasonableness of the fee requested, taking into consideration the character of the representation |
| 4 | and results achieved. *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations |
| 5 | omitted). Although the fee agreement is the primary means for determining the fee, the Court |
| 6 | will adjust the fee downward if substandard representation was provided, if the attorney caused |
| 7 | excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 |
| 8 | F.3d 1142, 1151 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808). |
| 9 | Here, the representation was standard, at least, and the results achieved excellent (*see* |
| 10 | Dkt. 25-3, p. 1). *See Grisbrecht, supra*, 535 U.S. at 808. Following remand from this Court for |
| 11 | further consideration (*see* Dkt. 19), plaintiff was awarded benefits. There has not been excessive |
| 12 | delay and no windfall will result from the requested fee. |
| 13 | Plaintiff's total back payment was $136,334.0 0 (*see* Dkt. 25-3, p.3). Plaintiff has moved |
| 14 | for a net attorney's fee of $23,083.50 (*see* Memorandum, Dkt. 25, p. 1), and the Court has |
| 15 | considered plaintiff's gross attorney's fee of $34,083.50 and the EAJA award received by |
| 16 | plaintiff's attorney in the amount of $8,479.12. *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d |
| 17 | 1215, 1221 (9th Cir. 2012). Plaintiff's attorney further reduced the fee by $2,520.88 (*see* Dkt. 25, |
| 18 | p.1). |
| 19 | Based on plaintiff's unopposed motion and supporting documents (*see* Dkt. 25, |
| 20 | Attachments 1, 2, 3, 4, 5, 6), it is hereby ORDERED that Plaintiff's attorney Eitan Kassel Yanich |
| 21 | is awarded a gross attorney's fee of $34,083.50 pursuant to 42 U.S.C. § 406(b), reduced by the |
| 22 | EAJA fees of $8,479.12 that previously were awarded, along with a further reduction of $2,520.88, |
| 23 | leaving a net fee of $23,083.50. It is further ORDERED that when issuing the 42 U.S.C. § 406(b) |
| 24 | |

1 check for payment to Plaintiff's attorney herein, Social Security is directed to send payment of 406(b) fees in the amount of $23,083.50 to Eitan Kassel Yanich, either electronically or by mailing a check to: Eitan Kassel Yanich, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501.

After paying the attorney's fee, Social Security shall continue to hold the remaining withheld funds until the administrative attorneys fee has been determined and paid, and Social Security shall then release all remaining funds directly to Plaintiff.

Dated this 8th day of August, 2018.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3